## Jacob Krupp v. Marcius Tabor.

*Garnishee proceedings: Bankruptcy of principal defendant: Dissolution of lien.*
Where after judgment against the principal defendant in justice's court, from which no appeal is taken, judgment is also rendered by the justice against the garnishee defendant, and the latter appeals to the circuit, giving the usual bond, and the appeal is referred to a referee who files a report, to which no exception is taken, finding against the garnishee defendant, so that the plaintiff therein is entitled to a judgment, proceedings in bankruptcy, instituted against such principal defendant after all these steps have been taken, cannot operate to dissolve the garnishee lien; and the assignee in such bankruptcy cause would have no authority to intervene in the garnishee suit, nor could he assert any right in that suit, in behalf of, or against either party, if allowed to intervene.

*Heard January 5.    Decided January 19.*

Error to Kent Circuit.

This was a garnishee proceeding, brought in justice's court by Krupp against Tabor, as a debtor of one Wright, the principal defendant. Judgment passed against the principal defendant, and no appeal was taken. Judgment also passed against the garnishee defendant, who appealed to the circuit, giving the usual bond. In the circuit the cause was referred to a referee, who reported in favor of the plaintiff, and no exceptions were filed to his report. At this juncture bankruptcy proceedings were instituted against Wright, the principal defendant, upon which he was adjudicated a bankrupt. His assignee in bankruptcy afterwards intervened by petition in this cause, and prayed that the garnishee lien might be held to be dissolved, as an attachment upon mesne process within the meaning of the bankrupt act. The circuit judge did so hold, and adjudged that the plaintiff take nothing by his suit. The plaintiff brings error.

*Stoughton & Fairfield,* for plaintiff in error.

No counsel appeared for defendant in error.

CHRISTIANCY, J.

The suit of Krupp against Wright, the principal defendant, having terminated in a judgment for the plaintiff, from which no appeal was taken, and the ancillary suit of Krupp against Tabor, as garnishee, having terminated in a judgment for the plaintiff before the justice, from which Tabor took an appeal to the circuit, giving an appeal bond in the usual form, and the report of the referee not having been excepted to, the plaintiff was entitled to judgment in the appeal case. And all these proceedings having taken place before the commencement of the bankruptcy proceedings against Wright, we see no possible ground upon which Wright's assignee in bankruptcy could be allowed to intervene or be heard in the appeal case, nor any ground upon

which he could assert any right in that suit in behalf of, or against either party, if allowed to intervene.

The circuit court clearly erred in holding the garnishee lien to have been dissolved, and in rendering judgment that plaintiff take nothing by his suit. This judgment must be reversed, with costs, and a judgment must be entered in this court for the plaintiff for the sum of three hundred dollars, and interest thereon from the 19th March, 1874, as shown by the report of the referee.

The other Justices concurred.